UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SHAWKI JOHNSON,

Plaintiff,

v.

CALIFORNIA CORRECTIONAL
HEALTH CARE SERVICES,

Defendant.

Case No.  2:26-cv-1294-JDP (P)

ORDER

Plaintiff, a state prisoner proceeding without counsel, alleges that defendant violated his rights under the Eighth Amendment and California state law when it failed to provide adequate medical care for a fracture he suffered in his right leg.  The complaint fails to state a cognizable claim because claims for damages against a state agency, like California Correctional Health Care Services ("CCHCS"), are barred by the Eleventh Amendment.  I will also grant plaintiff's application to proceed *in forma pauperis*, ECF No. 2.

Screening Order

I.    Screening Standards

A federal court must screen a prisoner's complaint that seeks relief against a governmental entity, officer, or employee.  *See* 28 U.S.C. § 1915A(a).  The court must identify any cognizable claims and dismiss any portion of the complaint that is frivolous or malicious, fails to state a

1

claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915A(b)(1), (2).

A complaint must contain a short and plain statement that plaintiff is entitled to relief, Fed. R. Civ. P. 8(a)(2), and provide "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The plausibility standard does not require detailed allegations, but legal conclusions do not suffice. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). If the allegations "do not permit the court to infer more than the mere possibility of misconduct," the complaint states no claim. *Id.* at 679. The complaint need not identify "a precise legal theory." *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024, 1038 (9th Cir. 2016). Instead, what plaintiff must state is a "claim"—a set of "allegations that give rise to an enforceable right to relief." *Nagrampa v. MailCoups, Inc.*, 469 F.3d 1257, 1264 n.2 (9th Cir. 2006) (en banc) (citations omitted).

The court must construe a pro se litigant's complaint liberally. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). The court may dismiss a pro se litigant's complaint "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1208 (9th Cir. 2017). However, "'a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled.'" *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting *Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)).

II.    Analysis

Plaintiff alleges that, on June 1, 2025, he suffered an injury to his right leg while playing soccer on a recreational yard at Folsom State Prison ("FSP"). ECF No. 1 at 9. He saw medical providers, whom he alleges failed to immediately order an x-ray and, instead, waited until the next day to transport him to a hospital where the imaging was taken. *Id.* at 10-11. The only named and identified defendant in this action is CCHCS; plaintiff has also sued an indeterminate number of "Doe" defendants whom he alleges were the medical staff, both at FSP and the hospital, who provided inadequate medical care. This action, as articulated, cannot proceed.

The CCHCS is not a viable defendant because, as a state agency, claims for damages

2

against it are barred by the Eleventh Amendment. *See Diaz v. CDCR*, No. 2:17-cv-0235 KJN P, 2017 U.S. Dist. LEXIS 40836, *5 (E.D. Cal. Mar. 21, 2017) ("The California Department of Corrections and Rehabilitation ('CDCR'), California Correctional Health Care Services ('CCHCS'), High Desert State Prison, and Health Care Appeals office, are not proper defendants. State agencies, such as the CDCR, CCHCS, HDSP, and the appeals office, are immune from suit under the Eleventh Amendment."). And the "Doe" defendants cannot be served until they are identified. Thus, this action cannot proceed.

Additionally, plaintiff's claims of inadequate care appear contradicted by documents attached to his complaint. A grievance response indicates that, on the day of the injury, prison staff provided him with an x-ray, pain medication, crutches, and a splint. ECF No. 1 at 38.

I will dismiss the complaint with leave to amend so that plaintiff may address these issues. He is advised that an amended complaint will entirely supersede the current complaint and must be complete in itself. It must be submitted on the form included with this order and be titled "First Amended Complaint."

Accordingly, it is ORDERED that:

1. Plaintiff's complaint, ECF No. 1, is DISMISSED with leave to amend.

2. Within thirty days from service of this order, plaintiff shall file either (1) an amended complaint or (2) notice of voluntary dismissal of this action without prejudice.

3. Failure to timely file either an amended complaint or notice of voluntary dismissal may result in the imposition of sanctions, including a recommendation that this action be dismissed with prejudice pursuant to Federal Rule of Civil Procedure 41(b).

4. The Clerk of Court shall send plaintiff a complaint form with this order.

5. Plaintiff's application to proceed *in forma pauperis*, ECF No. 2, is GRANTED.

IT IS SO ORDERED.

Dated:    April 29, 2026

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE

3